IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESUS LUGO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )    CIV-05-1268-F |
| v. | ) |
| | ) |
| JUSTIN JONES, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges constitutional deprivations related to institutional disciplinary proceedings conducted at the Lawton Correctional Facility ("LCF") where he is currently confined. Respondent has responded to the Petition, and Petitioner has filed a Reply. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be DENIED in part and DISMISSED in part without prejudice for failure to exhaust available administrative and state court remedies.

In his Petition, Petitioner alleges that he was found guilty in a disciplinary proceeding conducted at LCF of the misconduct of Individual Disruptive Behavior and that on October 18, 2005, the Oklahoma Department of Corrections ("DOC") Director's Designee Debbie Morton vacated the finding of guilt and remanded the matter to LCF for a rehearing. Plaintiff

1

contends that after the order vacating the misconduct was entered "LCF officials have not restored petitioner's lost earned credits (120 days), earned level (earning rate), visitation, or privileges" and have "refused to reinstate" Petitioner to a drug treatment program, the Therapeutic Community Drug Rehabilitation program.  In response to the Petition, Respondent contends that a rehearing has been conducted at LCF, that Petitioner has again been found guilty of the misconduct, and that the same sanctions have been imposed upon Petitioner as were imposed in the original disciplinary hearing.  Because Petitioner has not appealed the finding of guilt in the disciplinary rehearing, Respondent seeks dismissal of the petition for failure to exhaust administrative and state court remedies.  In his Reply to the Response, Petitioner contends that he intends to exhaust his administrative remedies concerning the disciplinary rehearing decision but that "there is no available [state court] remedy adequate to protect petitioner's constitutional rights."

    It is important first to address the actual due process claims being asserted by Petitioner.  Petitioner's claim in his Petition is not that his due process rights were violated in the original disciplinary hearing conducted at LCF.  Rather, Petitioner's claim in the Petition is that the sanctions imposed by LCF officials for the disciplinary misconduct were overturned on appeal and his due process rights have been violated because LCF officials failed to vacate the sanctions imposed in the original disciplinary proceeding and refused to reinstate Petitioner as a participant in a drug treatment program.  There is nothing in the record showing that Petitioner was actually a participant in or removed from participation in a drug treatment program at LCF.  However, in his Reply to the Response, Petitioner

admits that after he filed the instant Petition LCF officials did reinstate him as a participant in a drug treatment program. Moreover, Plaintiff admits that less than two weeks following the entry of the order vacating the original disciplinary hearing decision LCF officials conducted a rehearing and again found Petitioner guilty of the misconduct and imposed the same sanctions as were imposed in the original disciplinary hearing.

It is now firmly established in this circuit that, at least for an Oklahoma inmate in DOC custody, a misconduct conviction "infringe[s] a liberty interest because it reduce[s] his credit earning class in a manner that 'inevitably affect[s] the duration of his sentence.'" Wilson v. Jones, 430 F.3d 1113 (10th Cir. 2005).[1] Petitioner has not shown that the failure of LCF officials to vacate the previously-imposed disciplinary sanctions during the short period of time between the DOC Director's decision and the rehearing conducted at LCF either (1) affected the duration of his sentence or (2) subjected him to conditions that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The original disciplinary hearing was conducted on June 21, 2005, for the misconduct of June 7, 2005. The sanctions imposed upon Petitioner based on the finding of guilt included a reduction in his earned classification level to level one for sixty days. A copy of Petitioner's prison record attached to Respondent's Response reflects that his earned credit classification level was indeed reduced to level one effective May 18, 2005, for a misconduct conviction and

---

[1] Note that publication page references are not yet available for this decision.

again reduced to level one effective June 7, 2005, for another misconduct conviction, that 96 earned credits were removed from his sentence calculation (with the notation that these were all of the earned credits that Petitioner could lose) in June 2005, and that his earned credit status was subsequently increased to level two on October 1, 2005. If Petitioner had been found not guilty in the rehearing conducted in November 2005, he might have a due process claim for a deprivation of his liberty interest in his earned credits and earned credit level status. However, the finding of guilt in the rehearing has not been overturned, and the sanctions imposed in the rehearing mirrored those imposed in the original disciplinary hearing. Accordingly, in view of the rehearing decision, Petitioner's claim of a deprivation of a liberty interest due to the DOC Director's vacation of the original misconduct conviction is without merit.

Moreover, to the extent the *pro se* Petition can be construed to assert a deprivation of due process with respect to the disciplinary proceeding, the finding of guilt, and the sanctions imposed in the rehearing, Petitioner has not exhausted administrative or state court remedies available to him. Exhaustion of available state remedies is generally required for petitions brought under 28 U.S.C. §2241. <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under §2241 or §2254."). As the Tenth Circuit Court of Appeals has explained:

> No statutory exhaustion requirement applies to § 2241, but case law holds "that although section 2241 establishes jurisdiction in the federal court to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved

> either by trial on the merits in the state court or by other state procedures available to the petitioner."

Capps v. Sullivan, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (citations omitted). Under §2241, the petitioner bears the burden of showing that he has exhausted available state remedies. See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002). "The exhaustion doctrine requires a state prisoner to 'fairly present[]' his or her claims to the state courts before a federal court will examine them." Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997) (citations omitted).

Because Petitioner obtained relief in his appeal of the original disciplinary proceeding in the form of an order vacating the original disciplinary decision and remanding for a rehearing on the issue of his innocence or guilt, and because a rehearing has been conducted following the filing of the instant Petition, any claim of a due process deprivation with respect to the disciplinary misconduct is premature until Petitioner has exhausted the well-established administrative remedies for inmates provided by DOC as well as the state court remedy provided in Okla. Stat. tit. 57, §564.1.

Section 564.1 of the Oklahoma Statutes, title 57, effective May 10, 2005, provides in relevant part:

> In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections.

Okla. Stat. tit. 57, §564.1(A)(Supp. 2005). Petitioner's contention that the state court remedy provided in Okla. Stat. tit. §57, 564.1 is not an adequate remedy is without merit.

Petitioner relies on the Tenth Circuit Court of Appeals decision in Gamble v. Calbone, 375 F.3d 1021 (10th Cir. 2004). That decision, in which the appellate court concluded that Oklahoma inmates were not required to exhaust state court remedies given the absence of an avenue for direct judicial review of a disciplinary decision revoking earned credits, pre-dates the enactment of Okla. Stat. tit. 57, § 564.1. This new statute provides Oklahoma inmates with the judicial remedy that was previously lacking for review of disciplinary decisions involving the revocation of their earned credits. It is thus an adequate remedy that must be exhausted before Oklahoma inmates seek federal habeas relief under 28 U.S.C. § 2241 with respect to institutional disciplinary proceedings. To the extent the instant Petition can be construed to assert due process claims with respect to the disciplinary proceeding, the finding of guilt, and the sanctions imposed for the misconduct in the rehearing conducted at LCF, the Petition should be dismissed without prejudice for failure to exhaust available administrative and state court remedies.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED in part and DISMISSED in part without prejudice for failure to exhaust available administrative and state court remedies. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by  January 31st , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal

issues contained herein.  <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this     11th     day of      January    , 2006.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE