**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JESUS LUGO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-05-1268-F |
| | ) |
| JUSTIN JONES, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  On January 11, 2006, Magistrate Judge Gary M. Purcell entered his Report and Recommendation, recommending that the petition be denied in part and dismissed in part.  The dismissal was recommended to be without prejudice, for failure to exhaust available administrative and state court remedies.  (Doc. no. 13.)

The Report advised petitioner of his right to file an objection to the Report and Recommendation by January 31, 2006, and further advised that failure to make timely objection waives the right to appellate review of both factual and legal issues contained in the Report.  On January 17, 2006, within the time allotted to object to the Report, petitioner filed a "Motion for Leave to Expand Record."  (Doc. no. 14.)  Construing petitioner's pleadings liberally, the court interprets the January 17 filing as both a motion and as an objection to the Report and Recommendation.

As a motion, the January 17 filing requests two actions by the court:  first, "that this Honorable Court **EXPAND THE RECORD** to include the attached material, and take it under consideration as material to the pending ruling"; and second, that in consideration of the pending ruling, "the Court **DENY** respondent's motion to

dismiss,[1] and order that [petitioner's] cause proceed for consideration on the merits." (Doc. no. 14, unnumbered p. 2.)

Petitioner is advised that the record now includes the material submitted on January 17, 2006, so the first aspect of the motion is **MOOT**. To the limited extent that the motion asks the court to consider the January 17 filing in ruling on pending matters, the motion is **GRANTED**. In that regard, the court advises petitioner that it has carefully considered all of the arguments and authorities included in the January 17, 2006 filing, including the state district court order which is attached to that filing.

To the extent that the January 17 filing asks the court to deny respondent's motion to dismiss and allow this action to proceed on its merits, the filing is construed as a timely objection to the Report and Recommendation. The court reviews all objected to matters *de novo*. Having conducted *de novo* review of all objected to matters, including the arguments and authorities in the January 17 filing, and having reviewed all other matters included in the Report as well, the court finds and concludes that it agrees with the Report and Recommendation of the Magistrate Judge. It further finds that no purpose would be served by restating here any of the Magistrate Judge's determinations, or by offering any additional analysis of the issues.

Accordingly, petitioner's objection to the Report and Recommendation is **DENIED**, and the Report and Recommendation of Magistrate Judge Gary M. Purcell is **ACCEPTED**, **ADOPTED**, and **AFFIRMED** in its entirety. Pursuant to the recommendations of the Magistrate Judge, the Petition for a Writ of Habeas Corpus is **DENIED** in part and **DISMISSED** in part. As more fully set out in the Report and

---

[1] The court file reflects no motion to dismiss, docketed as such. However, "Respondent's Response to the Petition for Writ of Habeas Corpus" (doc. no. 10 ), which is docketed as an "Answer," states that the respondent moves for dismissal. After that document was filed, petitioner filed "Petitioner's Reply to Respondent's Motion to Dismiss." (Doc. no. 12.)

Recommendation, the dismissal is without prejudice, for failure to exhaust available administrative and state court remedies.

Dated this 16th day of March, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1268p004(pub).wpd